**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10058 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:17-cr-01019-JAS-JR-1 |
| GABRIEL ALVAREZ-MORENO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted March 2, 2020
Phoenix, Arizona

Before:  CLIFTON, OWENS, and BENNETT, Circuit Judges.

Defendant-Appellant Gabriel Alvarez-Moreno appeals from his conviction

and sentence for a violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  He argues that the

district court violated: (1) Federal Rule of Criminal Procedure 43(a) by issuing its

findings of fact as to his guilt via written order, and (2) his Sixth Amendment

rights by admitting videotaped witness testimony.  We have jurisdiction under 28

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291 and 18 U.S.C. § 3742. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. For the first time on appeal, Alvarez-Moreno argues that the district court's issuance of its guilt determination after a bench trial, via written order, violated Rule 43(a). We review such a challenge for plain error. *United States v. Chavez-Cuevas*, 862 F.3d 729, 733 (9th Cir. 2017) (citing Fed. R. Crim. P. 52(b)). Under the plain error standard, an appellant must demonstrate: "(1) there was error; (2) the error committed was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Plascencia-Orozco*, 852 F.3d 910, 916 (9th Cir. 2017) (citation omitted). An error affects substantial rights if the error was prejudicial, meaning it "affected the outcome of the district court proceedings." *United States v. Collins*, 684 F.3d 873, 881 (9th Cir. 2012) (citation omitted).

Even assuming that Alvarez-Moreno demonstrated error that is plain, he has not shown that any error affected his substantial rights. At oral argument, counsel for Alvarez-Moreno conceded that there was no prejudice stemming from the issuance of the decision in his absence, via written order. Further, the district court reiterated its decision during the sentencing hearing, at which Alvarez-Moreno was present. The better course of action is for a district court, after a bench trial, to announce its guilt determination in a defendant's presence. However, under these

2

facts, the district court's actions were not sufficiently prejudicial to satisfy Rule 52(b).

2.    Alvarez-Moreno argues that the district court erred in admitting videotaped deposition testimony in lieu of live testimony – a violation of his Sixth Amendment rights.  We review de novo whether the Confrontation Clause was violated.  *See United States v. Rodriguez*, 880 F.3d 1151, 1166 (9th Cir. 2018).  Videotaped deposition testimony is admissible only if: (1) a witness is unavailable, and (2) the defendant had a prior opportunity to cross-examine the witness.[1] *Crawford v. Washington*, 541 U.S. 36, 59 (2004).  To demonstrate unavailability, the prosecution must show "good faith efforts to procure witnesses" prior to trial.  *Rodriguez*, 880 F.3d at 1166 (citation omitted).  The good faith inquiry is one animated by reasonableness, and the prosecution need not engage in futile acts.  *See United States v. Pena-Gutierrez*, 222 F.3d 1080, 1088 (9th Cir. 2000).

Here, by communicating with the witness's counsel, sending letters directly to the address provided by the witness, subpoenaing the witness in open court, and offering to pay for transportation back to the United States, the prosecution acted reasonably and demonstrated its good faith efforts to procure the material witness's availability.  *See United States v. Matus-Zayas*, 655 F.3d 1092, 1102 (9th Cir.

---

[1] It is undisputed that Alvarez-Moreno had the opportunity to cross-examine the material witness.

3

2011) (stating that the prosecution can demonstrate unavailability "by detailing its efforts to procure the witness['s] presence at the trial and by making a showing that despite its efforts, the witness[] remained unavailable"). Therefore, due to the unavailability of the witness, and because Alvarez-Moreno had an opportunity to cross-examine the witness, the district court complied with the Sixth Amendment in admitting videotaped deposition testimony.

**AFFIRMED.**